Smith, J.
(dissenting in part). We dissent in People v Ramos and vote to affirm the order of the Appellate Division dismissing the appeal in that case for failure to comply with the Rules of the Appellate Division, First Department. The issue is whether the Appellate Division has the authority, by rule, to require personal service on defendants of appellate briefs. Since the rule was not in effect when the People filed their briefs in People v Fernandez and People v Pena we concur on that narrow procedural ground that those orders should be reversed.
Under the New York Constitution, New York courts are invested with the power to regulate their practice and procedures.* The Legislature has further implemented the particularized authority of the Appellate Division to promulgate rules for criminal appeals by CPL 460.70. It provides in pertinent part:
"the mode of and time for perfecting an appeal which has been taken to an intermediate appellate court from a judgment, sentence or order of a criminal court are determined by rules of the appellate division of the department in which such appellate court is located. Among the matters to be determined by such court rules are the times when the appeal must be noticed for and brought to argument, the content and form of the records and briefs to be served and filed, and the time when such records and briefs must be served and filed” (CPL 460.70 [1]; emphasis added).
Pursuant to its authority, effective February 1, 1993, the Appellate Division, First Department, amended its procedural rules and regulations regarding the method of service for appeals taken by the People. Section 600.8 (f) of the Rules of the Court (22 NYCRR 600.8 [f]) at issue herein provides:
"Appeals Taken by the People. An appeal taken by the People must be perfected by serving a copy *691 of the appellant’s brief upon respondent’s appellate attorney or upon respondent personally, if he or she is not represented by appellate counsel, within one year of the filing of the notice of appeal.”
The People argue that the Appellate Division exceeded its rule-making power and that the amendment created a new substantive right for defendants. We reject that argument. While the rule does affect both parties’ progress to the first appellate stage of a matter, it also serves as an integral part of the court’s legitimate case management control and processing. The rule does not, in and of itself, diminish or eliminate the People’s right to appeal. Section 600.8 (f) provides for the method for service of the People’s brief and is essentially procedural and, therefore, appropriately within the individual Appellate Division’s rule-making powers. We conclude that the Appellate Division possessed the power to promulgate the challenged procedural rule.
Moreover, the fact that CPL 460.70 (1) does not itself specifically require service upon the defendant is not dispositive of the rule-making authority question at issue. "Express authorization” is neither necessary nor the focus of the dispositive analysis. Rather, it is the constitutional and legislative implementary rule-making authority of courts and the interstitial and implied specific authority derived from CPL 460.70 which invested the Appellate Division with power to promulgate the rule at issue. The specific reference to the content and form of briefs and time when briefs and records must be served and filed are "[a]mong the matters to be determined by such court rules” (CPL 460.70 [1]). Thus, a rule concerning service upon a defendant or the attorney is not precluded by the rule but is also among the matters to be determined by the rule-making court.
A substitution by this Court of its preferred form of advisement or notification to defendants-respondents at the Appellate Division level is not appropriate. This Court should not interpose its view of a better or more adequate set of rules. Our policy and administrative role is more limited and not in issue here (NY Const, art VI, § 30). Moreover, it is not up to this Court to choose what it considers to be the best among different Appellate Division rules, even if we agree that the challenged rule is unnecessarily onerous.
Turning to the specific cases before us, defendant Cary *692 Fernandez was indicted on July 25, 1991, for conspiracy in the second degree, a class B felony. Defendant Fernandez was represented by the Legal Aid Society. Upon motion by defense counsel, the indictment was dismissed pursuant to CPL 30.30. The People filed a timely notice of appeal on October 29, 1991 and also served it on the Legal Aid Society Criminal Appeals Bureau. The People filed their brief and appendix in the Appellate Division, First Department, in November 1992, and served those documents as well on the Criminal Appeals Bureau. The Legal Aid Society filed a brief on defendant’s behalf in August 1993, after the effective date of the rule in issue, as was its practice in People’s appeals where Legal Aid represented the defendant at the trial level, defending the trial court’s decision. Additionally, counsel argued that the appeal should be dismissed because the People did not serve their brief on defendant personally. Defendant Fernandez has been at liberty since the indictment against her was dismissed.
The Appellate Division dismissed the appeal on November 16, 1993, because the defendant was not personally served with the People’s brief. Although the People’s notice of appeal was timely filed, the Court found that the Legal Aid Society had no contact with defendant since the indictment was dismissed, was unaware of her whereabouts, and defendant neither requested nor consented to representation by Legal Aid on this appeal. The Court further found no indication that defendant was aware the People had the right to appeal from the order dismissing her indictment, that she had the right to be represented by counsel of her choice or to have counsel assigned if she were unable to afford one. The First Department’s rule requiring service of appellate briefs on defendant’s appellate counsel or defendant personally, if defendant has none, in appeals by the People in criminal cases was effective after the People filed their notice of appeal and after the People filed their brief and appendix in the Appellate Division.
Defendant Ariel Pena was indicted on September 24, 1987, for criminal possession of a weapon in the third degree, a class D felony. At the time of his arrest defendant Pena was a suspended correction officer. A motion was made by defense counsel, on January 8, 1988, to dismiss the indictment based on the fact that defendant Pena was exempt from weapons offenses by virtue of his "peace officer” status, and it was granted by the trial court. The People timely filed their notice *693 of appeal on or about February 3, 1988, and served that notice on defense counsel by mail. The People perfected their appeal in September 1992, by filing a brief in the Appellate Division and serving that brief on defendant’s trial counsel. The People also mailed a copy of the brief to defendant. Defendant Pena has been at liberty since the indictment against him was dismissed.
On November 16, 1993, the Appellate Division dismissed the People’s appeal because the People failed to comply with the Rules of the Appellate Division, First Department (22 NYCRR 600.8 [f]), since they had not served their brief on defendant personally. The First Department’s rule was similarly not effective until after the People filed their notice of appeal and filed their brief and appendix in the Appellate Division.
Defendant Raymond Ramos was indicted on November 30, 1990, for criminal sale of a controlled substance in the third degree, a class B felony, and for related crimes. The trial court suppressed the physical evidence on the grounds that there was insufficient probable cause to arrest defendant Ramos. The People timely filed a notice of appeal on March 29, 1991 and mailed same to trial counsel. The People obtained an order from the Appellate Division, dated March 18, 1993, enlarging their time to appeal. They filed their appellate papers on April 1, 1993. The People sent additional copies of their brief to defendant’s last known address, which was returned stamped "addressee unknown”, in May 1993. The Appellate Division dismissed the People’s appeal in November 1993, for failure to comply with 22 NYCRR 600.8 (f). The First Department’s rule was effective before the People filed their notice of appeal and their brief and appendix in the Appellate Division.
Accordingly, we would affirm the order of the Appellate Division in People v Ramos. The orders in People v Fernandez and People v Pena should be reversed and the Appellate Division directed to hear the appeals.
Chief Judge Kaye and Judges Simons, Titone and Ciparick concur with Judge Levine; Judge Smith dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs.
In each case: Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

 NY Constitution, article VI, § 30 provides, "Nothing herein contained shall prevent the adoption of regulations by individual courts consistent with the general practice and procedure as provided by statute or general rules.”